IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| WILSON OCHAR, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:24-cv-0995 |
| | ) Civil Action No. 1:24-cv-1258 |
| AMERIS BANK, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Plaintiff Wilson Ochar's Motion for Summary Judgment, Defendant Ameris Bank's Motion to Consolidate Cases, Defendant's Motions to Dismiss, Plaintiff's Motion to Dismiss Defendant's Motion to Dismiss, Plaintiff's Motion for Warrant of Arrest, Plaintiff's Motion to Set Up a Grand Jury Committee, Plaintiff's Motion to Strike Off All of the Defendant's Motions, Plaintiff's E-Filing Registration Request for Pro Se Litigant, Plaintiff's Motion to Issue a Subpoena, and Plaintiff's Motion to Set Up Pre Trial Hearing.

Plaintiff alleges Defendant discriminated against him in denying him pre-approval for a mortgage loan, and it used a false credit report and credit scores to evaluate his application. Plaintiff alleges he and his wife jointly sought pre-approval for a mortgage loan through Defendant in January 2024. When Plaintiff asked about the criteria for pre-approval, Defendant's loan

1

officer replied that the bank looks at household income and credit score. In discussing the City of Alexandria's down payment assistance program, Defendant's loan officer noted that "[d]epending on the family size you might be able to get some assistance from the City." After Defendant requested various tax information and documents from Plaintiff, Plaintiff left the application pending.

In March 2024, Plaintiff sent over documents to Defendant that included his 2023 tax returns. After noting Plaintiff's household income decreased by roughly $65,000 in 2023, Defendant's loan officer asked for more detailed information about Plaintiff's wife's income and job, which Plaintiff sent. Ultimately, Defendant denied Plaintiff's request for mortgage loan pre-approval. Defendant cited multiple reasons for denying the request: collection action or judgment, delinquent past or present credit obligations, and income insufficient for amount of credit requested.

Notably, Plaintiff claims his household income was $144,672 in 2022. During 2023, Plaintiff saw a significant reduction in his household income, as he and his wife focused on being homemakers and raising their newborn children. Plaintiff alleges the household income fell to $66,903 in 2023. However, Plaintiff states he and his wife have been able to return to work, and he projects his income for 2024 will increase to a similar amount as 2022.

Plaintiff filed his first Complaint against Defendant in the Circuit Court of Fairfax County, Virginia on April 12, 2024 ("removed action"). Plaintiff also filed a Motion for Summary Judgment alongside the Complaint, but the hearing on the Motion was cancelled by the Circuit Court because it did not appear that the Complaint had been served on Defendant. Though Defendant asserts it was never served with process, it removed the case to this Court on July 19, 2024. On July 23, 2024, Defendant filed a Motion to Dismiss. Plaintiff has not filed an opposition to the Motion to Dismiss in the removed action.

Plaintiff also filed a second Complaint against Defendant in this Court on June 7, 2024 ("federal court action"). According to the United States Marshals Service, Defendant was served in the federal court action on June 28, 2024. Defendant then filed a Motion to Dismiss on July 19, 2024. Shortly thereafter, Defendant filed a Motion to Consolidate the removed action and federal court action. Plaintiff has subsequently filed a Motion to Dismiss Defendant's Motion to Dismiss, which the Court will interpret as an opposition to Defendant's Motion to Dismiss. Plaintiff has also filed a Motion for Warrant of Arrest, Motion to Set Up a Grand Jury Committee, Motion to Strike Off All of Defendant's Motions, E-Filing Request for Pro Se Litigant, Motion to Issue a Subpoena, and Motion to Set Up a Pre Trial Hearing. Additionally, Defendant

3

filed a Motion to Strike and for Pre-Filing Injunction that the Court will decide at a later date.

First, under Fed. R. Civ. P. 42, a court may consolidate actions if they involve common question of law or fact. The critical question when considering a motion to consolidate is "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982) (citing Fed. R. Civ. P. 42). Here, the facts and claims of the two cases are identical. In fact, it appears as though Plaintiff simply repurposed the Motion for Summary Judgment filed in the removed action as his original Complaint in the federal court action. As such, the Court finds consolidation of the two actions would result in no risk of prejudice or confusion and would conserve both judicial and party resources. Accordingly, the two actions are consolidated.

Plaintiff also argues that Defendant's motions should be struck due to Defendant filing the motions prior to counsel filing a Notice of Appearance. However, filing a motion before counsel

4

has filed a formal Notice of Appearance is not a deficiency that should result in the motion being denied, especially when the opposing party has not identified any prejudice suffered due to the failure to file a Notice of Appearance. See Silver v. Clark Cnty., Nev., 2021 WL 3671183, at *1 (D. Nev. Aug. 17, 2021). Because Plaintiff has not identified any prejudice here, his Motion to Strike must be denied.

Next, a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Generalized, unsupported assertions are insufficient to state a claim. Id. A court should dismiss a complaint if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff's "obligation to provide the grounds of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (internal citation omitted). A claim will lack "facial plausibility" unless the plaintiff "plead[s] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

While "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), this does not relieve pro se litigants of the requirements under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2) still requires pro se plaintiffs to state "a short and plain statement of the claim showing that the pleader is entitled to relief."

Defendant now moves to dismiss the claims brought against it in Plaintiff's Complaints in both the removed action and federal court action pursuant to Fed. R. Civ. P. 12(b)(6).

The Court must first address Plaintiff's contention that Defendant's Motion to Dismiss must be denied and judgment must be entered against Defendant due to Defendant's failure to file a timely responsive pleading. As to the federal court action, it appears that the United States Marshals Service served process on Defendant on June 28, 2024, which gave Defendant until July 19, 2024 to file a responsive pleading. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant filed its Motion to Dismiss on July 19, 2024. As for the removed action, there is no affidavit or other sworn filing on the Court's docket that indicates that Defendant was ever properly served in that case. Therefore, both Motions to Dismiss were timely filed by Defendant.

As for the claims themselves, Plaintiff's Amended Complaint alleges violations of the Fair Housing Act (FHA), Equal Credit Opportunity Act (ECOA), Virginia Fair Housing Law (VFHL), Title VI

6

of the Civil Rights Act of 1964 (Title VI), Fair Credit Reporting Act (FCRA), and 18 U.S.C. § 1014. The FHA makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). Similarly, it is unlawful under the ECOA "for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1). The VFHL provides nearly identical prohibitions against discrimination in real estate-related transactions. VA. CODE ANN. § 36-96.4(A).

To properly state a claim under these three statutes, a plaintiff must provide facts sufficient to support a claim, as vague and general allegations of discrimination are not adequate. Carter v. Ball, 33 F.3d 450, 461-62 (4th Cir. 1994). A plaintiff must do so by either providing direct evidence of discrimination or indirectly through the burden-shifting McDonnell Douglas framework. Corey v. Sec'y, U.S. Dep't of Hous. & Urban Dev. ex rel. Walker, 719 F.3d 322, 325 (4th Cir. 2013); Matarese v. Archstone Pentagon City, 795 F. Supp. 2d 402, 437 (E.D. Va. 2011). If a plaintiff attempts to prove his case through the McDonnell Douglas framework, the plaintiff must first establish a prima facie

7

case of discrimination by preponderance of the evidence. To establish a prima facie case for FHA, ECOA, and VFHL, a plaintiff must plausibly plead that (1) he is a member of a protected class; (2) he applied for and was qualified for a loan with the defendant; (3) the loan was rejected despite his qualifications; and (4) the defendant continued to approve loans for applications with similar qualifications. <u>Best Med. Int'l, Inc. v. Wells Fargo Bank, N.A.</u>, 937 F. Supp. 2d 685, 969 (E.D. Va. 2013); <u>see Matarese</u>, 795 F. Supp. 2d at 412 n.3 ("Because the VFHL largely tracks the FHA, the parallel claims will be analyzed under the same standards unless stated otherwise.").

Plaintiff here provides little more than conclusory allegations of discrimination. First, Plaintiff alleges that Defendant's loan officer stating that, "[d]epending on the family size you might be able to get some assistance from the City," is evidence of discrimination by Defendant based on familial status. However, Defendant's loan officer is merely conveying criteria used by the City of Alexandria for their down payment assistance program. This statement does not convey anything concerning Defendant's evaluation for pre-approval, and it is not evidence of any discrimination based on familial status by Defendant. Second, Plaintiff alleges that Defendant asking for Plaintiff's racial background and family status as part of the mortgage pre-approval application is evidence of discrimination. However, without more,

8

collecting this information alone is not enough to establish a prima facie case of discrimination.

Beyond his conclusory arguments regarding Defendant's motivation for denying his pre-approval request, Plaintiff offers no allegations of direct evidence of discrimination, such as comments made by Defendant's employees indicating a discriminatory rationale for denial, or indirect evidence, such as other applicants with similar qualifications that had their mortgage loans pre-approved by Defendant. Without such allegations, Plaintiff cannot state a claim for discrimination in violation of the FHA, ECOA, and VFHL.

Title VI provides that "[n]o person . . . shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Similar to the FHA, ECOA, and VFHL claims, a required element to make a prima facie case under Title VI is that Plaintiff must establish a causal nexus between the harm suffered and plaintiff's membership in a protected class. L.L. v. Evensham Twp. Bd. of Educ., 710 F. App'x 545, 548-49 (3rd Cir. 2017). For the same reasons stated above, Plaintiff provides no direct or indirect evidence of discriminatory intent by Defendant that would be sufficient to establish a causal nexus. Accordingly, Plaintiff has not stated a claim under Title VI.

9

To the extent Plaintiff asserts an FCRA claim, he contends that the information on the credit report used by Defendant was false. However, it is the furnishers of the information and the credit reporting agencies that may be held liable for failing to assure the accuracy of the credit report, not the recipient of the report. See Saunders v. Branch Banking & Tr. Co. of Va., 526 F.3d 142, 147-48 (4th Cir. 2008). Even assuming, without finding, that Plaintiff's credit report did include inaccuracies that lowered his credit score, Defendant is not the proper party to bring a claim against in this instance.

Furthermore, Plaintiff attempts to bring a claim under a criminal statute, 18 U.S.C. § 1014. However, Congress did not create a private cause of action under this statute. Milgrom v. Burstein, 374 F. Supp. 2d 523, 529 (E.D. Ky. 2005) (citing Fed. Sav. & Loan Ins. Corp. v. Reeves, 816 F.2d 130 (4th Cir. 1987)). With no cause of action, Plaintiff cannot state a claim under the statute.

As to Plaintiff's Motion for Summary Judgment that was filed when the removed action was pending in the Circuit Court, the Motion is premature, as the parties have not had the opportunity to conduct discovery that would be crucial to this case. See Kennebeck v. Napolitano, 2013 WL 3368960, at *6 (E.D. Va. July 3, 2013). Plaintiff has not provided any rationale to explain why the Court should deviate from the standard procedure of considering

10

such motions for summary judgment after the close of discovery. Similarly, Plaintiff has not explained why the Court should grant his Motion to Issue a Subpoena and Motion to Set Up Pre Trial Hearing, as this case is not in discovery.

Plaintiff's Motion for Warrant of Arrest and Motion to Set Up a Grand Jury Committee seek to initiate criminal proceedings against Defendant's loan officers for violations of the FHA, ECOA, VFHL, Title VI, and FCRA. The Court need not address such outlandish requests in depth, other than to say that the Court will not issue an arrest warrant or set up a grand jury requested by a private citizen as part of a civil action.

For the foregoing reasons, Defendant's Motion to Consolidate is GRANTED; Defendant's Motions to Dismiss are GRANTED; and Plaintiff's Motion for Summary Judgment, Motion to Dismiss Defendant's Motion to Dismiss, Motion for Warrant of Arrest, Motion to Set Up a Grand Jury Committee, Motion to Strike Off All of Defendant's Motions, E-Filing Registration Request for Pro Se Litigant, Motion to Issue a Subpoena, and Motion to Set Up Pre Trial Hearing are DENIED.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
August 15, 2024